[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-10471

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT DEWAYNE LASHLEY,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:22-cr-00027-JA-PRL-1

_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Lashley appeals his sentence of 36 months of imprisonment imposed after he pleaded guilty to committing a hate crime. 18 U.S.C. § 249(a)(1). Lashley argues that his sentence is substantively unreasonable. We affirm.

Lashley agreed to plead guilty to violating the Hate Crimes Prevention Act, *id.*, by "willfully caus[ing] injury to D.B., a Black man, because of D.B.'s actual and perceived race" by "repeatedly call[ing] D.B. racial slurs and repeatedly str[iking] D.B. with closed fists." Lashley admitted in his factual proffer that on November 17, 2021, he and his brother, Roy, went to a store in Citrus Springs, Florida. Lashley entered the store first, and Roy entered as D.B. left. Roy then asked Lashley if he saw "that big Black n****r?" At the cash register, Roy asked the clerk if she saw D.B. push him as he walked through the door, and the clerk said, "No." Roy said that D.B. pushed him and that "that n****r needs to be taught a lesson." The surveillance video confirmed that D.B. did not push or contact Roy. After the store clerk and manager admonished Lashley and Roy for using racial slurs in the store, the brothers left, and Roy told Lashley that they were "going to go get that n****r."

Lashley and Roy followed D.B. into the parking lot. Lashley ran to D.B. and "struck him numerous times with his fists." Roy retrieved an axe handle from his truck and struck D.B. multiple

times with it. D.B. raised his arms to block the attacks and punched back in self-defense. Before, during, and after the attack, Lashley and Roy directed racial slurs at D.B. At some point during the attack, Roy drove away from the scene, but Lashley stayed. When Roy returned on foot, they continued attacking D.B. with their fists. Police officers arrested Lashley and Roy at the scene. D.B., who had sustained injuries to his face and legs and a laceration to the inside of his mouth, was taken to the hospital.

Lashley's presentence investigation report provided a base offense level of 12, United States Sentencing Guidelines Manual § 2H1.1(a)(2) (Nov. 2021), added three levels because he selected a victim based on their actual and perceived race, *id.* § 3A1.1(a), and subtracted two levels for his acceptance of responsibility, *id.* § 3E1.1(a). Based on a total offense level of 13 and a criminal history category of I, the report provided an advisory sentencing range of 12 to 18 months of imprisonment. Lashley requested a sentence of one year and one day of imprisonment. The government requested a sentence of 18 months of imprisonment.

At sentencing, the district court confirmed that although the government initially indicted Lashley for aiding and abetting a hate crime using a dangerous weapon and attempting to cause bodily injury, 18 U.S.C. §§ 249(a)(1), 2, the superseding indictment omitted the dangerous-weapon and aiding-and-abetting language as part of Lashley's plea agreement. The government stated that the district court still could hold Lashley accountable for Roy's use of the axe handle in determining a reasonable sentence.

4                        Opinion of the Court                        23-10471

Lashley argued that it was unforeseeable to him that Roy would retrieve a weapon and that there was insufficient evidence that he knew Roy was using the axe handle during the fight. The district court stated that it disbelieved that someone involved in a three-person fray could be unaware that another person was holding a red axe handle. Lashley argued that deterrence should not be a significant factor because the incident was an unplanned, random act of violence that his brother instigated. He also argued that although race was a motivating factor, he was provoked by Roy's false accusation that D.B. had assaulted him. Lashley allocuted and apologized to D.B. The district court clarified that although Roy provoked the altercation, Lashley physically confronted D.B. and continued the attack after Roy left. The government argued that regardless of Roy's role in provoking the encounter, Lashley still took an active role in the brazen and prolonged attack in daylight, in a store parking lot, and in the presence of nearly a dozen witnesses while he used racial slurs. The government agreed with the district court that it was unreasonable that Lashley would not have seen his brother with an axe handle during the fight.

The district court found that the Guidelines were insufficient to address the serious nature of the offense and recognized that this was a rare occasion in which it disagreed with both parties' sentencing recommendations. In weighing the statutory sentencing factors, 18 U.S.C. § 3553(a), the district court stated that it considered that Lashley had only one prior felony and three misdemeanor convictions and overcame a substance abuse problem. It considered that he consistently worked and had a stable

relationship and a family who supported him. It found that Lashley was devoted to Roy, who was the dominant sibling and often took advantage of Lashley, such that Lashley was a potential danger to the public when he was with Roy. As for the circumstances of the offense, the district court found it unimaginable that Lashley did not know that Roy was hitting D.B. with an axe handle. The district court also discussed the brazen nature of the attack and stated that it had considered several possible explanations for the attack—that the brothers thought that no one would care if they beat D.B. because of his race; that they thought they were entitled under the law to beat D.B. because of his race; or that they were consumed with uncontrollable rage—but none weighed in his favor.

The district court sentenced Lashley to 36 months of imprisonment. Lashley objected that his sentence was procedurally and substantively unreasonable, and he objected to the finding that he was aware that Roy was using a dangerous weapon during their attack. The district court clarified that it would have imposed the same sentence regardless of the dangerous-weapon finding, based on its consideration of the statutory sentencing factors.

We review the reasonableness of a sentence, including a sentence above the advisory guideline range, for abuse of discretion. *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013). The district court "imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in

6                    Opinion of the Court                    23-10471

considering the proper factors." *United States v. Taylor*, 997 F.3d
1348, 1355 (11th Cir. 2021). We will disturb "the sentence if, but
only if, we are left with the definite and firm conviction that the
district court committed a clear error of judgment in weighing the
§ 3553(a) factors by arriving at a sentence that lies outside the range
of reasonable sentences dictated by the facts of the case." *United
States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal
quotation marks omitted).

        The district court did not abuse its discretion when it varied
upward to address the seriousness of Lashley's hate crime against
D.B. The district court enjoys discretion to impose a sentence out-
side the advisory guideline range when its justification is suffi-
ciently compelling to support the degree of its variance. *Id.* at 1196.
The district court explained in detail why the facts were sufficiently
compelling to support the upward variance. It considered several
mitigating factors, including Lashley's relatively insignificant crim-
inal history, supportive family, and the power dynamics between
him and Roy. But the district court also considered that Lashley,
who took an active role in initiating and continuing the physical
encounter even after Roy temporarily left the scene, attacked D.B.
"in a parking lot in broad daylight in the presence of witnesses, one
of which was recording the attack" and that Lashley, undeterred,
continued beating D.B. while using racial slurs. The district court
expressed that these circumstances were so "hard to imagine" that
it could not "figure out how" the vicious attack persisted.

Lashley disagrees with how the district court weighed Roy's use of the axe handle to hit D.B. during the attack, but Lashley fails to establish that the district court clearly erred in disbelieving that he was unaware that Roy was using a weapon to hit D.B. And we disagree that Lashley could be entitled to relief based on an unwarranted sentencing disparity after Roy, whose advisory guideline range accounted for his use of the weapon to inflict bodily injury and his more extensive criminal history, received a nine-month upward variance to a sentence of 60 months of imprisonment. *See United States v. Cavallo*, 790 F.3d 1202, 1237 (11th Cir. 2015). The district court reasonably determined that varying upward 18 months above Lashley's advisory guideline range to impose a sentence far below the statutory maximum of ten years was necessary to address the seriousness of his crime. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

We **AFFIRM** Lashley's conviction and sentence.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 29, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  23-10471-JJ
Case Style:  USA v. Robert Lashley
District Court Docket No:  5:22-cr-00027-JA-PRL-1

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion

## Lisa Fannin

| | |
|---|---|
| **From:** | ecf_help@ca11.uscourts.gov |
| **Sent:** | Wednesday, November 29, 2023 10:35 AM |
| **To:** | FLMD_EFILE_APPEALS |
| **Subject:** | 23-10471-JJ USA v. Robert Lashley "Opinion Issued On the Courts own Motion Opinion" (5:22-cr-00027-JA-PRL-1) |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

### United States Court of Appeals for the Eleventh Circuit

**Notice of Docket Activity**

The following transaction was filed on 11/29/2023

| | |
|---|---|
| **Case Name:** | USA v. Robert Lashley |
| **Case Number:** | 23-10471 |
| **Document(s):** | 31 |

**Docket Text:**
Opinion issued by court as to Appellant Robert Dewayne Lashley. Decision: Affirmed. Opinion type: Non-Published. Opinion method: Per Curiam. The opinion is also available through the Court's Opinions page at this link http://www.ca11.uscourts.gov/opinions.

**Notice will be electronically mailed to:**

Clerk - Middle District of Florida, Clerk of Court
Jenny L. Devine
Erin H. Flynn
Alec Fitzgerald Hall
Teresa Kwong
Douglas Stamm
U.S. Attorney Service - Middle District of Florida, U.S. Attorney

The following document(s) are associated with this transaction:
**Document Description:** Opinion Issued
**Original Filename:** 202310471.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1160056652 [Date=11/29/2023] [FileNumber=10082897-0] [56d53f3b3ea8b80153806bc30bdb23ea67974d841b310d8ceffc0e15f753f8588cb8ab931158413799fb80af4ee75d2e474 3a7f488a7e03f7db9d833b73dadaa]]

**Document Description:** OPIN-1 Notice to Counsel/Parties
**Original Filename:** /opt/ACECF/live/forms/JeffPatch_2310471_10082897_OPIN-1NtcofIssuanceofOpinion_300.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1160056652 [Date=11/29/2023] [FileNumber=10082897-1]
[4fb427fa8924eed3e0b02ae07dee36cf4a883ce3c760045173d07d48099442edbd6505fdabe545eef1e8c9931cd552b5453
22002f34a27863cb2063029d34515]]
**Recipients:**

- Clerk - Middle District of Florida, Clerk of Court
- Jenny L. Devine
- Erin H. Flynn
- Alec Fitzgerald Hall
- Teresa Kwong
- Douglas Stamm
- U.S. Attorney Service - Middle District of Florida, U.S. Attorney